UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BRAY INTERNATIONAL, INC. DBA BRAY CONTROLS, FLOW-TEK, INC., BRAY SALES, INC. DBA BRAY COMMERCIAL DIVISION,<br><br>PLAINTIFFS,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | COURT NO.: 21-00332 |

## COMPLAINT

Plaintiffs, Bray International, Inc. dba Bray Controls, Flow-Tek, Inc., Bray Sales, Inc. dba Bray Commercial Division (hereinafter "Plaintiffs"), by and through its undersigned counsel, alleges and states for its complaint as follows:

## BACKGROUND

1. Plaintiffs commenced this action by filing a Summons to challenge the decisions of Defendant U.S. Customs and Border Protection ("CBP") to deny in liquidation, in part or in whole, the claims made in protest number 5301-20-102272 and the 17 additional protests listed on the Form 1-3 Schedule of Protests ("Subject Protests"), and the entries associated with each ("Subject Entries").

2. Plaintiffs timely filed the Subject Protests with CBP respecting each of the Subject Entries, as indicated on the Form 1-3 Schedule of Protests ("Subject Protests").

3. Plaintiffs are manufacturers and/or distributors of various valves, valve parts, and related goods including the imported valves, valve parts, and related goods that are the subject of this action ("Subject Goods").

1

4. Absent an eligible exclusion, the Subject Goods are subject to the additional duties imposed pursuant to Section 301 of the Tariff Act of 1930 ("Section 301"), as provided for pursuant to provisions in HTSUS Chapter 99, for any list 1, 2, or 3 goods identified under HTSUS 9903.88.01, 9903.88.02, or 9903.88.03.

5. The Subject Protests asserted that the Subject Goods were eligible for an available exclusion and, thus, challenged CBP's liquidations denying Plaintiffs' claims to use and apply an eligible exclusion from the additional Section 301 duties.

6. In the Subject Protests, Plaintiffs claimed the exclusion established by the Office of the United States Trade Representative ("USTR"), in Docket Number USTR-2018-0025 and further codified in HTSUS 9903.88.14 *("Articles the product of China, as provided for in U.S. Note 20(q) to this subchapter, each covered by an exclusion granted by the U.S. Trade Representative"* ("the Claimed Section 301 Exclusion").

7. The claimed exclusion provided for *"Valve pressure relief components, including body covers, and diaphragms"*. *See* 83 Fed. Reg. 32181 (July 11, 2018); *see also* 84 Fed. Reg. 49564 (Sept. 20, 2019).

8. HTSUS 8481.90.9085 provides for *"Taps, cocks, valves and similar appliances, for pipes, boiler shells, tanks, vats or the like, including pressure-reducing valves and thermostatically controlled valves; parts thereof: Parts: Other: Other"*, which describes and includes the Subject Goods and imposes an HTSUS Column 1 duty of 0% (Free), with an additional 25% duty if from China.

9. The Subject Goods are adequately described and specified for tariff classification purposes in the entry documents and in ancillary documents not provided at the time of entry, including the Plaintiffs' sales and marketing literature, product specifications, *etc.*

10. On the dates provided in the Form 1-3 Schedule of Protests, CBP denied or partially denied the Subject Protests.

11. Plaintiffs now challenge CBP's denial or partial denial of the Subject Protests on the grounds that the Subject Goods were eligible for the Claimed Section 301 Exclusion from the obligation to pay additional duties pursuant to exclusions to Section 301.

## PARTIES, JURISDICTION AND STANDING

12. Plaintiffs are related and privately-owned U.S. importers and are the Importers-of-Record and the real parties-in-interest respecting the Subject Goods.

13. CBP is charged with the administrative tasks of collecting the additional Section 301 duties respecting Section 301 Listed goods and with applying the exclusions granted by the USTR.

14. Plaintiffs have standing under 28 U.S.C. § 2631 to prosecute this civil action to contest the denial of the referenced protests filed under Section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514).

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

16. This Court has personal jurisdiction over the parties hereto.

## TIMELINESS OF THE ACTION

17. Consistent with 19 C.F.R. § 174.31(a), Plaintiffs commenced the instant action by filing its Summons within 180 days after CBP mailed its notices of denial.

18. The protest denials that are the subject of this action were mailed and/or uploaded to the Automated Commercial Environment ("ACE") on the dates provided in the Form 1-3 Schedule of Protests.

## STATEMENT OF FACTS

19. The Subject Goods were imported on the Subject Entries and entered into the U.S. with entry dates during 2018–2020, as provided in the Schedule of Protests, dates in which the Section

3

301 duties were applicable to Listed goods.

20. Each of the Subject Entries included the Subject Goods, declared on the CBP Form 7501 as HTSUS 8481.90.9085 goods, and often together with other goods described distinctly on the entry documents from the Subject Goods.

21. Documents submitted in connection with the entries included part numbers and other details which collectively adequately describe the Subject Goods.

22. The Subject Entries were liquidated on the dates and protested on the dates provided in the Schedule of Protests.

23. Plaintiffs timely filed the Subject Protests challenging CBP's decision to withhold the Claimed Section 301 Exclusion from the HTSUS Chapter 99 Section 301 duties and to collect and retain those additional duties for the Subject Goods.

24. HTSUS Chapter 99, Subchapter III, Note 20.(q) provided that: *"The U.S. Trade Representative determined to establish a process by which particular products classified in heading 9903.88.01 and provided for in U.S. notes 20(a) and 20(b) to this subchapter could be excluded from the additional duties imposed by heading 9903.88.01. See 83 Fed. Reg. 28710 (June 20, 2018) and 83 Fed. Reg. 32181 (July 11, 2018). Pursuant to the product exclusion process, the U.S. Trade Representative has determined that the additional duties provided for in heading 9903.88.01 shall not apply to the following particular products, which are provided for in the enumerated statistical reporting numbers…"*

25. Among the enumerated statistical reporting numbers was item (144), which excluded *"Valve pressure relief components, including body covers, and diaphragms (described in statistical reporting number 8481.90.9085)*. *See* 84 Fed. Reg. 49564, September 20, 2019.

26. The Subject Goods are properly classified under HTSUS Heading 8481 "Taps, cocks, valves and similar appliances . . . including pressure-reducing valves and thermostatically

4

controlled valves; parts thereof . . ." and subject to an HTSUS Column 1 duty of 0% (Free), with an additional 25% duty if from China.

27. Plaintiffs have not been allowed the benefit of the Claimed Section 301 Exclusion and has paid additional Section 301 duties respecting the Subject Goods on the Subject Entries.

## STATEMENT OF CLAIMS

28. To the extent not inconsistent herewith, Plaintiffs hereby incorporate, repeat and reallege the foregoing paragraphs as if fully set forth herein verbatim.

29. At the time of entry, the Subject Goods conformed to the Section 301 exclusion referenced herein and applicable to goods classifiable under the HTSUS 8481.90.9085 statistical tariff classification number.

30. Plaintiffs' Subject Goods were eligible for the Docket Number USTR-2018-0025, HTSUS 9903.88.14, Section 301 Exclusion discussed herein at HTSUS Chapter 99, Subchapter III, Note 20.(q)(144).

31. Plaintiffs' Subject Protests should have been granted in full, the Subject Entries should have been reliquidated accordingly, and Plaintiffs should have, therefore, received refunds of the excess Section 301 duties paid with interest provided by law.

32. To provide the requested relief, the Court should order CBP to reliquidate the Subject Entries with the benefit of the referenced Section 301 exclusion to the Subject Goods and refund to Plaintiffs the excess duties paid with interest provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment overruling Defendant's protest denials respecting the Subject Goods entered on the Subject Entries and referenced on the Subject Protests and grant Plaintiffs' claims for application of exclusions from additional tariffs under Section 301 of the Trade Act of 1930, order reliquidation of the Subject

Entries, and award Plaintiffs a refund of any such excess duties paid, with interest, and grant such other and further relief as this Court may determine to be just and proper, including reasonable attorneys' fees and costs.

Respectfully submitted this 31st day of July, 2023.

                                                                                                                       GIVENS & JOHNSTON, PLLC

                                                                                                                       By: <u>/s/ Scott L. Johnston</u>

                                                                                                                       Scott L. Johnston
950 Echo Lane, Suite 360
Houston, Texas 77024
Telephone: (713) 932-1540
sj@gjatradelaw.com

*Counsel to*
*Bray International, Inc. dba Bray Controls,*
*Flow-Tek, Inc., and Bray Sales, Inc. dba Bray*
*Commercial Division*

Dated: July 31, 2023